932 F.2d 981
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Emilio R. ALOP, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 90-3499.
 United States Court of Appeals, Federal Circuit.
 April 10, 1991.
 
 Before MICHEL, Circuit Judge, BENNETT, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Petitioner Emilo R. Alop, pro se, appeals a final decision of the Merit Systems Protection Board (MSPB) holding that he had not shown good cause for waiver of the time limit for filing his appeal from a reconsideration decision by the Office of Personnel Management (OPM) denying his claim for civil service retirement benefits. We affirm.
 
 OPINION
 
 2
 The initial decision of OPM on March 14, 1986, explained that Mr. Alop, a former civilian employee at the U.S. Naval Base in the Philippines, was not entitled to an annuity because he did not complete at least 5 years of creditable federal service in a position subject to the Civil Service Retirement Act. Further, he had made no financial contributions to the system under that law. Petitioner's informal brief appears to conclude that since for a time he received disability pay because of a job-related injury, he is also eligible for a retirement annuity based on length of service. Different laws govern such payments.
 
 
 3
 On a request for reconsideration, the Office of Personnel Management reaffirmed the March 14, 1986 decision on May 8, 1989, and advised Mr. Alop that if dissatisfied with this holding he had a 25-day time limit for filing an appeal to the MSPB.
 
 
 4
 On November 20, 1989, OPM wrote the administrative judge of the MSPB that petitioner's appeal dated October 14, 1989, received in the Washington Regional MSPB Office on October 31, 1989, was untimely filed under 5 C.F.R. Sec. 1201.22 (1989) because the final agency decision was on May 9, 1989 [sic]. OPM moved to dismiss the appeal for untimeliness because petitioner had not demonstrated good cause to waive the late filing.
 
 
 5
 On November 27, 1989, the administrative judge entered an order to close the record on December 29, 1989, by which time petitioner was commanded to show that his apparent late appeal was in fact timely or that good cause existed to excuse the delay.
 
 
 6
 Petitioner responded to the order on December 13, 1989, claiming that mail delivery in the Philippines, where he had posted a response, was "not the same as in the United States. There are so many delays." He also alleged ill health. No evidence was offered, as required, to support these allegations. 5 U.S.C. Sec. 1201.22(c) (1989).
 
 
 7
 On January 25, 1990, the MSPB administrative judge dismissed the appeal as untimely under the applicable regulation, being 4 months late, and that no good cause had been established to waive the late filing. On August 10, 1990, the MSPB denied review and declared the initial decision of January 25, 1990, final. A statement dated February 5, 1990, by petitioner's doctor, describing Mr. Alop's poor medical condition was not considered absent any showing that it was unavailable before the record was closed on December 29, 1989. The present appeal was timely filed with this court on September 4, 1990.
 
 
 8
 It is a petitioner's burden to show good cause to excuse an untimely appeal. The MSPB held that petitioner did not meet this burden. We hold that this was not an abuse of discretion or a violation of procedure, law or regulation, and that there was substantial evidence to support the MSPB decision. Under the scope of our review, limited by statute, 5 U.S.C. Sec. 7703(c) (1988), we are commanded to sustain the decision absent a showing of the defects there listed. We do so here.